IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RAYMOND THOMAS                                                                                        PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:13cv1049-FKB

MTC, et al.                                                                                              DEFENDANTS

## OMNIBUS ORDER

Plaintiff is a state inmate incarcerated at Walnut Grove Correctional Facility. He brought this action pursuant to 42 U.S.C. § 1983 alleging claims related to his prior incarceration at East Mississippi Correctional Facility (EMCF). A *Spears* hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's testimony at the hearing and having conferred with Plaintiff and counsel for Defendants, the Court finds and rules as follows.

Plaintiff alleges the following claims:

*Denial of medical treatment.* Plaintiff contends that since November of 2012, he has complained of numbness and pain in his left leg and foot. According to Plaintiff, Defendants deliberately interfered with his ability to obtain medical treatment for this problem.

*Taking of personal property.* Plaintiff claims that his personal property, including clothes, a Bible, and a transcript of his criminal proceedings, were taken during a shakedown and subsequently lost by prison officials.

*General prison conditions.* Plaintiff complains of numerous conditions at EMCF. He states that during his incarceration there, he was allowed insufficient opportunities to shower, was locked down in a small cell for long periods with inadequate checks by

guards, was frequently subjected to smoke caused by fires set by inmates, was subjected to excessive noise levels, and was required to sleep on a metal bed without a mattress for approximately two weeks. Plaintiff also contends that the prison is dirty, that it is infested with insects and rodents, that fire alarms do not work, and that exposed electrical wires pose a safety hazard.

At the hearing, Plaintiff stated that he wished to dismiss Officer Penry as a defendant. Accordingly, this defendant is hereby dismissed.

Plaintiff's claims regarding the taking of his personal property fail as a matter of law. It is well-settled that random and unauthorized deprivations of property by officials do not violate the constitution if adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). Mississippi common law provides adequate remedies for the taking of personal property. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Therefore, federal relief is not available. Accordingly, these claims are hereby dismissed.

Plaintiff's claims for denial of medical care and those concerning conditions at the prison are set for a bench trial before the undersigned at 1:30 p.m. on February 18, 2015.

Upon the motion of Plaintiff, the Court will secure the presence at trial of incarcerated witnesses if it determines that their testimony is relevant. Any such motion shall be filed no later than thirty days prior to trial and shall include a description of the witness's proposed testimony. Plaintiff shall be responsible for securing the voluntary presence at the trial of any witnesses who are not incarcerated. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than thirty days prior to trial, Plaintiff shall file a motion with the Court requesting a subpoena to be issued for the witness. The request

shall include the name and address of the witness and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

At the hearing, Defendants produced to Plaintiff their exhibit and witness lists and Plaintiff's institutional and ARP files.   Defendant shall also produce to Plaintiff his medical file from November of 2012 to the present.  Any further discovery shall be completed by August 29, 2014.  All motions shall be filed by September 29, 2014.

SO ORDERED this the 21st day of July, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE